# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

LOCAL UNION NO. 124 I.B.E.W. PENSION
TRUST FUND, a Trust Fund,

    and

JOHN FENNESY, and
KENNETH C. BORDEN, TRUSTEES
OF THE LOCAL UNION NO. 124 I.B.E.W.
PENSION TRUST FUND,

    and

NATIONAL ELECTRICAL BENEFIT FUND,
a Trust Fund,

    and

KENNETH COOPER, and DENNIS QUEBE,
TRUSTEES OF THE NATIONAL ELECTRICAL
BENEFIT FUND,

    and

LOCAL UNION NO. 124 I.B.E.W. - N.E.C.A.
ANNUITY AND 401(K) TRUST FUND, a Trust Fund,

    and

JOHN FENNESY, and
KENNETH C. BORDEN,  TRUSTEES
OF THE LOCAL UNION NO. 124
I.B.E.W. - N.E.C.A.  ANNUITY AND 401(K)
TRUST FUND,

    and

I.B.E.W. LOCAL UNION NO. 124 HEALTH
AND WELFARE FUND, a Trust Fund,

    and

**No.**

JOHN FENNESY, and )
KENNETH C. BORDEN, TRUSTEES )
OF THE I.B.E.W. LOCAL UNION NO. 124 )
HEALTH AND WELFARE FUND, )
)
    and )
)
IBEW LOCAL UNION NO. 124 VACATION )
AND HOLIDAY TRUST FUND, a Trust Fund, )
)
    and )
)
JOHN FENNESY, and )
KENNETH C. BORDEN, TRUSTEES )
OF THE IBEW LOCAL UNION NO. 124 )
VACATION AND HOLIDAY TRUST FUND, )
)
    and )
)
ELECTRICAL JOINT APPRENTICESHIP AND )
TRAINING TRUST FUND, a Trust Fund, )
)
    and )
)
JOHN FENNESY, and )
KENNETH C. BORDEN, TRUSTEES )
OF THE ELECTRICAL JOINT APPRENTICESHIP )
AND TRAINING TRUST FUND, )
)
    and )
)
LABOR MANAGEMENT COOPERATION TRUST, )
a Trust Fund, )
)
    and )
)
JOHN FENNESY, and )
KENNETH C. BORDEN, TRUSTEES )
OF THE LABOR MANAGEMENT )
COOPERATION TRUST, )
)
    and )
)
INTERNATIONAL BROTHERHOOD OF )
ELECTRICAL WORKERS LOCAL UNION )
NO. 124, AFL-CIO, a Labor Organization, )
)
                        Plaintiffs, )
    v. )
)

**UNIVERSAL TECHNOLOGIES, LLC**                    )
[SERVE:    Josh Hern                               )
                Registered Agent                   )
                3009 SE 1st Street                 )
                Blue Springs, MO  64014]           )
                                                   )
                                Defendant          )

# C O M P L A I N T

## COUNT I

Come now Plaintiffs, Local Union No. 124 I.B.E.W. Pension Trust Fund, John Fennesy and Kenneth C. Borden, duly appointed and acting Trustees of the Local Union No. 124 I.B.E.W. Pension Trust Fund who are authorized to maintain this action on behalf of Local Union No. 124 I.B.E.W. Pension Trust Fund and all the Trustees of Local Union No. 124 I.B.E.W. Pension Trust Fund, and, for their cause of action under Count I against Defendant, states:

1.      This action arises under and jurisdiction is founded on Section 502 and Section 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"), 29 U.S.C. §1132 and 29 U.S.C. §1145.

2.      Plaintiffs, John Fennesy and Kenneth C. Borden, are duly appointed and acting Trustees of Local Union No. 124 I.B.E.W. Pension Trust Fund who are authorized to maintain this action on behalf of the Local Union No. 124 I.B.E.W. Pension Trust Fund and all the Trustees of the Local Union No. 124 I.B.E.W. Pension Trust Fund; Plaintiff, (hereinafter referred to as "Plaintiff Fund"), is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. §186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1002.

3.      Said Plaintiff Fund was established on January 7, 1965, pursuant to the collective bargaining agreement entered into between the Kansas City Division, Kansas City Chapter, National Electrical Contractors Association, Inc. (hereinafter referred to as "Association") and the

International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective June 1, 1993.

4.     The situs of the Plaintiff Fund is the City of Kansas City, Missouri, and all questions pertaining to the validity, construction and administration of said Fund shall be determined in accordance with the laws of the State of Missouri and the aforementioned Federal laws.

5.     Plaintiffs have served the Secretary of the Treasury and the Secretary of Labor with copies of the within Complaint as required by Section 502(h) of ERISA, 29 U.S.C. §1132(h), by depositing copies of said Complaint in the United States mail, certified mail, addressed to said Secretary of the Treasury and said Secretary of Labor on or about the date of the filing of the Complaint.

6.     Defendant, **Universal Technologies, LLC** is a Missouri limited liability company doing business in the States of Missouri and Kansas and particularly in the Western District of Missouri; that Defendant at all times material herein employed electrical workers performing work covered by the collective bargaining agreements herein mentioned.

7.     In the ordinary course of business, Defendant annually engage in substantial dollar volume in business with persons, firms and corporations which are engaged in businesses affecting commerce within the meaning of the Labor Management Relations Act, as amended, 29 U.S.C. §151, and 29 U.S.C. §185.

8.     At all times material herein, Defendant signed a Letter of Assent for the Inside Labor Agreement and agreed to be bound by the terms and conditions of collective bargaining agreements then in effect and that would subsequently be in effect between the Kansas City Chapter National Electrical Contractors Association and the International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO; that Defendant is thereby bound by all collective bargaining agreements in effect on said date up to and including the present date.

9.      Electrical worker employees of the Defendant were employed under the terms of the collective bargaining agreements between the Association and the Union under the terms of which Defendant agreed, among other things, to pay and contribute to Plaintiff Fund various sums per hour for each employee covered by and subject to said agreements at all times material herein; and during said period to submit written reports within fifteen (15) days after the last day of the preceding month for the hours worked during said preceding month; that said reports should list the names and hours worked and the amounts contributed for each such employee of Defendant.

10.     Defendant failed and refused to submit correct remittance reports and correct contributions to Plaintiffs from **July 1, 2014, to date**, and Plaintiffs are unable to determine the total amount of contributions owed by Defendant without an accounting of the books and records of Defendant covering the period **July 1, 2014, to date**.

11.     That the Defendant is required by Section 209 of ERISA, 29 U.S.C. §1059, to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees.

12.     Under the agreements hereinabove mentioned, Defendant likewise agreed, among other things, to be bound by the terms and provisions of the Trust Agreement, as amended, under which the said Plaintiff Fund is administered and to allow an official agent of the Board of Trustees of said Plaintiff Fund, upon request, during regular business hours, to inspect and make copies of any and all records of Defendant pertaining to compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and other records relevant to and of assistance in determining whether Defendant's obligations under said agreements to make payments to said Plaintiff Fund have been faithfully performed.

13.     The collective bargaining agreements and Trust Agreement, as amended, and hereinabove mentioned likewise provide that, if payment of sums due said Plaintiff Fund therein mentioned are made later than the time required, the Board of Trustees may impose on the

{00343559;IBEW0136;JCC}

employer liquidated damages, interest, audit costs, and reasonable attorneys' fees and Court costs incurred to enforce payments from an employer in default.

14.     The collective bargaining agreements and Trust Agreement, as amended, further provide that the Board of Trustees may require the employer to put up cash deposits in advance of work and/or to enter into an escrow arrangement with the Plaintiff Fund or post a corporate bond guaranteeing performance under the Trust Agreement, as amended.

15.     Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendant is ordered to specifically perform all obligations on Defendant's part required to be performed under the collective bargaining agreements and Trust Agreements, as amended, and herein referred to.

16.     Defendant is required by Section 515 of ERISA, 29 U.S.C. §1145, to make fringe benefit contributions to Plaintiffs pursuant to and in accordance with the terms and conditions of the aforesaid collective bargaining agreements and Trust Agreement, as amended; and this action is brought by Plaintiff Trustees for and on behalf of Plaintiff Fund to enforce said Defendant's obligations under Section 515 of ERISA.

17.     That pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to a mandatory award of unpaid fringe benefit contributions; interest on said unpaid fringe benefit contributions as provided for in the aforesaid Trust Agreement, as amended; liquidated damages as provided for in the aforesaid Trust Agreement, as amended; reasonable attorneys' fees; and their cost of this action.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A.     An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from ***July 1, 2014, to date***; and

B.    For judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period *July 1, 2014, to date*; and

C.    For judgment against Defendant for liquidated damages; and

D.    For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

E.    For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

F.    For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

G.    For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

H.    For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. §1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

I.    For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

J.    For judgment against Defendant for costs incurred in this action; and

K.    For such other relief as the Court may deem appropriate.

## COUNT II

Come now Plaintiffs, National Electrical Benefit Fund, a Trust Fund, and Lindell K. Lee and D.R. Borden, Jr., duly appointed and acting Trustees of the National Electrical Benefit Fund who are authorized to maintain this action on behalf of the National Electrical Benefit Fund and for their cause of action under Count II against said Defendant states:

1.     Plaintiffs, Kenneth Cooper and Dennis Quebe, are duly appointed and acting Trustees of the National Electrical Benefit Fund who are authorized to maintain this action on behalf of the National Electrical Benefit Fund (hereinafter referred to as "Plaintiff Fund"); Plaintiff Fund is a Trust Fund an existing establish pursuant to Labor Management Relations Act, as amended, Section 302, 29 U.S.C. §186; said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA 29 U.S.C. §1002.

2.     Said Plaintiff Fund was established September 3, 1946 pursuant to the collective bargaining agreement between the National Electrical Contractors Association and the International Brotherhood of Electrical Workers; that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1994.

3.     Plaintiffs hereby incorporate and adopt paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16) and Seventeen (17) of Count I of the within Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A.     An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from *July 1, 2014, to date*; and

B.     For judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period *July 1, 2014, to date*; and

C.     For judgment against Defendant for liquidated damages; and

D.     For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

E.     For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

F.      For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

G.      For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

H.      For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. §1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

I.      For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

J.      For judgment against Defendant for costs incurred in this action; and

K.      For such other relief as the Court may deem appropriate.

## COUNT III

Come now Plaintiffs, Local Union No. 124, IBEW - NECA Annuity and 401K Trust Fund, a Trust Fund, and John Fennesy and Kenneth C. Borden, duly appointed and acting Trustees of the Local Union No. 124, IBEW - NECA Annuity and 401K Trust Fund who are authorized to maintain this action on behalf of the Local Union No. 124, IBEW - NECA Annuity and 401K Trust Fund and all the Trustees of the Local Union No. 124, IBEW - NECA Annuity and 401K Trust Fund, and, for their cause of action under Count III against Defendant, states:

1.      Plaintiffs, John Fennesy and Kenneth C. Borden, are duly appointed and acting Trustees of Local Union No. 124 I.B.E.W. - N.E.C.A. Annuity and 401(K) Trust Fund who authorized to maintain this action on behalf of the Local Union No. 124 I.B.E.W. - N.E.C.A. Annuity and 401(K) Trust Fund and all the Trustees of the Local Union No. 124 I.B.E.W. - N.E.C.A. Annuity and 401(K) Trust Fund; (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302,

29 U.S.C. §186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1002.

2.      Said Plaintiff Fund was established on December 15, 1987, pursuant to the collective bargaining agreement between the Kansas City Division, Kansas City Chapter, National Electrical Contractors Association, Inc. (hereinafter referred to as "Association") and the International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective June 1, 1993.

3.      Plaintiffs hereby incorporate and adopt paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16) and Seventeen (17) of Count I of the within Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A.      An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from *July 1, 2014, to date*; and

B.      For judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period *July 1, 2014, to date*; and

C.      For judgment against Defendant for liquidated damages; and

D.      For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

E.      For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

F.      For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

G.      For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

H.      For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. §1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

I.       For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

J.      For judgment against Defendant for costs incurred in this action; and

K.      For such other relief as the Court may deem appropriate.

## COUNT IV

Come now Plaintiffs, I.B.E.W. Local Union No. 124 Health and Welfare Fund, a Trust Fund, and John Fennesy and Kenneth C. Borden, duly appointed and acting Trustees of the I.B.E.W. Local Union No. 124 Health and Welfare Fund who are authorized to maintain this action on behalf of the Welfare Fund and all the Trustees of the I.B.E.W. Local Union No. 124 Health and Welfare Fund and, for their cause of action under Count IV against Defendant, states:

1.      Plaintiffs, John Fennesy and Kenneth C. Borden, are duly appointed and acting Trustees of the I.B.E.W. Local Union No. 124 Health and Welfare Fund who are authorized to maintain this action on behalf of the Welfare Fund and all the Trustees of the I.B.E.W. Local Union No. 124 Health and Welfare Fund; Plaintiff I.B.E.W. Local Union No. 124 Health and Welfare Fund (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. §186; that said Plaintiff Plan is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1002.

2.      Said Plaintiff Plan was established on July 3, 1952, pursuant to the collective bargaining agreement between the Kansas City Division, Kansas City Chapter, National Electrical

{00343559;1}

Contractors Association, Inc. (hereinafter referred to as "Association") and the International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Plan was amended and revised effective June 1, 1993.

3.      Plaintiffs hereby incorporate and adopt paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16) and Seventeen (17) of Count I of the within Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A.      An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from *July 1, 2014, to date*; and

B.      For judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period *July 1, 2014, to date*; and

C.      For judgment against Defendant for liquidated damages; and

D.      For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

E.      For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

F.      For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

G.      For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

H.    For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. §1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

I.    For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

J.    For judgment against Defendant for costs incurred in this action; and

K.    For such other relief as the Court may deem appropriate.

## COUNT V

Come now Plaintiffs, Local Union No. 124 I.B.E.W. Vacation & Holiday Trust Fund, a Trust Fund, and John Fennesy and Kenneth C. Borden, duly appointed and acting Trustees of the Local Union No. 124 I.B.E.W. Vacation & Holiday Trust Fund who are authorized to maintain this action on behalf of the Vacation Fund and all the Trustees of the Local Union No. 124 I.B.E.W. Vacation & Holiday Trust Fund, and, for their cause of action under Count V against Defendant, states:

1.    Plaintiffs, John Fennesy and Kenneth C. Borden, are duly appointed and acting Trustees of the Local Union No. 124 I.B.E.W. Vacation & Holiday Trust Fund who are authorized to maintain this action on behalf of the Vacation Fund and all the Trustees of the Local Union No. 124 I.B.E.W. Vacation & Holiday Trust Fund; Plaintiff Local Union No. 124 I.B.E.W. Vacation & Holiday Trust Fund (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. §186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1002.

2.    Said Plaintiff Fund was established on March 8, 1968, pursuant to the collective bargaining agreement between the Kansas City Division, Kansas City Chapter, National Electrical Contractors Association, Inc. (hereinafter referred to as "Association") and the International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO (hereinafter referred to as

{00343559;1}

"Union"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective June 1, 1993.

3.      Plaintiffs hereby incorporate and adopt paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16) and Seventeen (17) of Count I of the within Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A.      An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from *July 1, 2014, to date*; and

B.      For judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period *July 1, 2014, to date*; and

C.      For judgment against Defendant for liquidated damages; and

D.      For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

E.      For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

F.      For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

G.      For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

H.      For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. §1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

I.      For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

J.      For judgment against Defendant for costs incurred in this action; and

K.      For such other relief as the Court may deem appropriate.

## COUNT VI

Come now Plaintiffs, Electrical Joint Apprenticeship and Training Trust Fund, a Trust Fund, and John Fennesy and Kenneth C. Borden, duly appointed and acting Trustees of the Electrical Joint Apprenticeship and Training Trust Fund who are authorized to maintain this action on behalf of the Training Fund and all the Trustees of the Electrical Joint Apprenticeship and Training Trust Fund, and, for their cause of action under Count VI against Defendant, states:

1.      Plaintiffs, John Fennesy and Kenneth C. Borden, are duly appointed and acting Trustees of the Electrical Joint Apprenticeship and Training Trust fund who are authorized to maintain this action on behalf of the Training Fund and all the Trustees of the Electrical Joint Apprenticeship and Training Trust Fund; Plaintiff Electrical Joint Apprenticeship and Training Fund (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. § 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1002.

2.      Said Plaintiff Fund was established on September 6, 1956, pursuant to the collective bargaining agreement between the Kansas City Division, Kansas City Chapter, National Electrical Contractors Association, Inc. (hereinafter referred to as "Association") and the International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective May 10, 1994.

3.      Plaintiffs hereby incorporate and adopt paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16) and Seventeen (17) of Count I of the within Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A.      An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from *July 1, 2014, to date*; and

B.      For judgment Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period *July 1, 2014, to date*; and

C.      For judgment against Defendant for liquidated damages; and

D.      For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

E.      For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

F.      For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

G.      For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

H.      For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. §1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

I.      For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

16

J.     For judgment against Defendant for costs incurred in this action; and

K.     For such other relief as the Court may deem appropriate.

## COUNT VII

Come now Plaintiffs, Labor Management Cooperation Trust, a Trust Fund, and John Fennesy and Kenneth C. Borden, duly appointed and acting Trustees of the Labor Management Cooperation Trust who are authorized to maintain this action on behalf of the Training Fund and all the Trustees of the Labor Management Cooperation Trust, and, for their cause of action under Count VII against Defendant, state:

1.     Plaintiffs, John Fennesy and Kenneth C. Borden, are duly appointed and acting Trustees of the Labor Management Cooperation Trust who are authorized to maintain this action on behalf of the Labor Management Cooperation Trust and all the Trustees of the Labor Management Cooperation Trust; Plaintiff Labor Management Cooperation Trust (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. §186.

2.     This action arises under and jurisdiction is founded on Section 301 of the Taft-Hartley Act, 29 U.S.C. §185.

3.     Said Plaintiff Fund was established on March 1, 1995, pursuant to the collective bargaining agreement between the Kansas City Division, Kansas City Chapter, National Electrical Contractors Association, Inc. (hereinafter referred to as "Association") and the International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO (hereinafter referred to as "Union").

4.     Plaintiffs hereby incorporate and adopt paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16) and Seventeen (17) of Count I of the within Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

{00343559;1}

A.      An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from *July 1, 2014, to date*; and

B.      For judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period *July 1, 2014, to date*; and

C.      For judgment against Defendant for liquidated damages; and

D.      For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

E.      For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

F.      For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

G.      For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

H.      For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. §1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

I.      For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

J.      For judgment against Defendant for costs incurred in this action; and

K.      For such other relief as the Court may deem appropriate.

## COUNT VIII

Comes now Plaintiff, International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO, for its cause of action under Count VIII against Defendant, states:

1.    This action arises under and jurisdiction is founded on Section 301 of the Labor Management Relations Act, as amended, 29 U.S.C. §185 (hereinafter referred to as "LMRA").

2.    Plaintiff, International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO (hereinafter referred to as "Union") is a labor organization representing employees in industry affecting commerce as defined by Sections 501(1) and (3) of the LMRA, 29 U.S.C. §142(1) and (3); and within the meaning of Section 301 of the LMRA, 29 U.S.C. §185 and 29 U.S.C. §152(5), and is an unincorporated association.

3.    Plaintiff Union maintains its principal offices in Kansas City, Jackson County, Missouri, and Plaintiff's duly authorized officers and agents are engaged in representing or acting for employee members in Jackson County, Missouri, within territorial jurisdiction of this Court.

4.    Electrical worker employees of Defendant were employed under the terms of the collective bargaining agreement between the Defendant and the Union under the terms of which Defendant agreed, among other things, to deduct various sums per hour from the wages of each employee covered by and subject to said agreements from *July 1, 2014, to date,* as and for supplemental dues and to remit same to Plaintiff; and during said period of time to submit written reports within ten (10) days after the last day of the preceding month for the hours worked during said preceding month; that said report should list the names and hours worked and the amounts deducted and remitted for each such employee of Defendant; that said agreement of Defendant to deduct said amounts from wages of employees covered under the collective bargaining agreements was in accordance with and pursuant to individual and voluntary written authorization by said employees for the check-off of said dues, all is permitted and pursuant to Section 302(c) of the National Labor Relations Act.

{00343559;1}

5.      Defendant has failed and refused to deduct said supplemental dues from the wages of employees covered by the Agreements referred to herein and has failed and refused to submit correct remittance reports correct remittance of such dues to the Plaintiff Union from ***July 1, 2014, to date***.

WHEREFORE, Plaintiff prays for the following Orders, Judgments and Decrees:

A.      An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from the ***July 1, 2014, to date***; and

B.      For judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period ***July 1, 2014, to date***; and

C.      For judgment against Defendant for interest on the unpaid supplemental dues; and

D.      For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

E.      For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements in respect to the reporting and payment of supplemental dues to the Plaintiff; and

F.      For judgment against Defendant for costs incurred in this action; and

G.      For such other relief as the Court may deem appropriate.


## COUNT IX


1.      Plaintiffs Local Union No. 124 I.B.E.W. Pension Trust Fund, National Electrical Benefit Fund, Local Union No. 124, IBEW - NECA Annuity and 401K Trust Fund, I.B.E.W. Local Union No. 124 Health and Welfare Fund, Local Union No. 124 I.B.E.W. Vacation & Holiday Trust Fund, Electrical Joint Apprenticeship and Training Trust Fund, Labor Management Cooperation

Trust, International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO (hereinafter referred to as "Plaintiff Funds") are Section 302 (29 U.S.C. §186) trust funds and employee benefit plans as defined in 29 U.S.C. §1001, et seq., with their situs in Jackson County, Missouri; that Plaintiffs John Fennesy, Kenneth C. Borden (hereinafter referred to as "Plaintiff Trustees"), are the duly appointed and acting Trustees of the Local Union No. 124 I.B.E.W. Pension Trust Fund who are authorized to maintain this action on behalf of the Pension Fund and the Trustees of the Local Union No. 124 I.B.E.W. Pension Trust Fund; that Plaintiffs Kenneth Cooper and Dennis Quebe (hereinafter referred to as "Plaintiff Trustees"), are the duly appointed and acting Trustees of the National Electrical Benefit Fund, who are authorized to maintain this action on behalf of the NEBF and the Trustees of the National Electrical Benefit Fund; that Plaintiffs John Fennesy and Kenneth C. Borden (hereinafter referred to as "Plaintiff Trustees"), are the duly appointed and acting Trustees of the Welfare Fund who are authorized to maintain this action on behalf of the IBEW Local Union No. 124 Health and Welfare Fund; that Plaintiffs John Fennesy and Kenneth C. Borden (hereinafter referred to as "Plaintiff Trustees"), are the duly appointed and acting Trustees of the Local Union No. 124 IBEW-NECA Annuity and 401(k) Trust Fund who are authorized to maintain this action on behalf of the Local Union No. 124 IBEW-NECA Annuity and 401(k) Trust Fund; that Plaintiffs John Fennesy and Kenneth C. Borden (hereinafter referred to as "Plaintiff Trustees"), are the duly appointed and acting Trustees of the Vacation and Holiday Trust Fund who are authorized to maintain this action on behalf of the IBEW Local Union No. 124 Vacation and Holiday Trust Fund; that Plaintiffs John Fennesy and Kenneth C. Borden (hereinafter referred to as "Plaintiff Trustees"), are the duly appointed and acting Trustees of the Training Fund who are authorized to maintain this action on behalf of the Electrical Joint Apprenticeship and Training Trust Fund; that Plaintiffs John Fennesy and Kenneth C. Borden (hereinafter referred to as "Plaintiff Trustees"), are the duly appointed and acting Trustees of the Labor Management Cooperation Trust who are authorized to maintain this action on behalf of the Labor Management Cooperation

Trust; that this action arises under Section 301 of the Labor Management Relations Act as amended, 29 U.S.C. §185.

2.      Defendant, **Universal Technologies, LLC,** is a Missouri limited liability company doing business in the States of Missouri and Kansas and particularly in the Western District of Missouri; that Defendant at all times material herein employed electrical workers performing work covered by the collective bargaining agreements herein mentioned.

3.      At all times material herein, Defendant signed a Letter of Assent for the Inside Labor Agreement and agreed to be bound by the terms and conditions of collective bargaining agreements then in effect and that would subsequently be in effect between the Kansas City Chapter National Electrical Contractors Association and the International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO; that Defendant is thereby bound by all collective bargaining agreements in effect on said date up to and including the present date.

4.      Plaintiff Funds are trust funds existing and established pursuant to collective bargaining agreements between the Association and the Union.

5.      The electrical employees of Defendant were employed under the terms of said agreements between the Association and the Union under the terms of which Defendant agreed, among other things, to pay and contribute to Plaintiff Funds various sums per hour for each employee covered by and subject to said agreements; and during said period to submit written reports within ten (10) days after the last day of the preceding month for the hours worked during said preceding month along with payments of such sums; Defendant has failed and refused to timely submit remittance reports and correct contributions to Plaintiff Funds in accordance with the terms of said collective bargaining agreements and the Plaintiff Funds' Trust Agreements and Amended Trust Agreements for the months of **June, July, October, November, December 2015; January through December 2016; and September 2017**.

6.      The collective bargaining agreements and Trust Agreements herein mentioned provide that, if payment of sums due said Funds therein mentioned are made later than the time

required, the Boards of Trustees may impose on the employer liquidated damages, interest, reasonable attorneys' fees and Court costs incurred to enforce timely payments from Defendant's employer.

7.     Defendant is required by Section 515 of ERISA, 29 U.S.C. §1145, to make fringe benefit contributions to Plaintiff Funds pursuant to and in accordance with the terms and conditions of the aforesaid collective bargaining agreements and Trust Agreement as amended, and this action is brought by Plaintiff Trustees for and on behalf of Plaintiff Funds to enforce said Defendant's obligations under the applicable collective bargaining agreements and Trust Agreement. Plaintiff Funds are entitled to liquidated damages and interest as provided for in the aforesaid Trust Agreement as amended, and applicable collective bargaining agreements, such other legal or equitable relief as the Court deems appropriate in the circumstances, reasonable attorneys' fees, and their costs of this action.

8.     The assessment of liquidated damages against the employer Defendant for the late payment of fringe benefit contributions to the Plaintiff Funds for the months of *June, July, October, November, December 2015; January through December 2016; and September 2017*, totals FORTY-ONE THOUSAND, FOUR HUNDRED TEN AND 00/100 ($41,410.00) DOLLARS.

9.     Demand has been made by Plaintiff Funds for payment of the liquidated damages and Defendant has failed to tender payment of said amounts.

WHEREFORE, Plaintiffs pray judgment against the Defendant in the amount of FORTY-ONE THOUSAND, FOUR HUNDRED TEN AND 00/100 ($41,410.00) DOLLARS as and for liquidated damages for the months of *June, July, October, November, December 2015; January through December 2016; and September 2017;* for reasonable attorneys' fees; such other legal or equitable relief as the Court deems appropriate in the circumstances; and for interest and their costs herein incurred and expended.

{00343559;1}

ARNOLD, NEWBOLD, WINTER & JACKSON, P.C.

/s/ Michael G. Newbold_____
Michael G. Newbold, MO Bar No. 25523

/s/ John J. Westerhaus_____
John J. Westerhaus, MO Bar No. 65266
1100 Main Street, Suite 2001
Kansas City, Missouri 64105
Telephone: 816-421-5788
Facsimile: 816-471-5574
*Attorneys for Plaintiffs*