IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| LOCAL UNION NO. 124 I.B.E.W. PENSION TRUST FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:18-cv-00219-DGK |
| UNIVERSAL TECHNOLOGIES, LLC, | ) ) ) | |
| Defendant. | ) | |

## ORDER FINDING DEFENDANT LIABLE TO PLAINTIFFS ON ALL COUNTS AND ORDERING DEFENDANT TO PERMIT AN ACCOUNTING FOR DAMAGES

When Defendant Universal Technologies, LLC, was served but failed to participate in this action, the Clerk entered default against it. Plaintiffs now move for a default judgment under Federal Rule of Civil Procedure 55(b) (Doc. 5). For the reasons below, the motion is GRANTED IN PART.

**Background**

This action centers around seven employee pension and benefit plans ("the Funds"), who are some of the Plaintiffs here. Four other Plaintiffs are the Funds' trustees; the remaining Plaintiff is the union which administers the Funds pursuant to certain collective bargaining agreements ("the Union").

Defendant, according to the Complaint, employed electrical workers who were Union members. Defendant signed the Union's collective bargaining agreements and accepted three pertinent obligations. First, Defendant agreed to contribute various sums per hour per employee to the Funds. Second, Defendant agreed to submit regular written reports listing the names and hours worked and the amounts contributed for each relevant employee. The Funds' trustees were permitted to inspect and make copies of Defendant's records that pertain to the employees' compensation.

Third, Defendant agreed to pay the Union supplemental dues, to be deducted from the electrical workers' compensation.

Since July 1, 2014, Defendant has failed to submit the necessary reports and to pay the Funds correctly. Because Defendant has not permitted an accounting, Plaintiffs are unsure of the exact amount of contributions that Defendant owes the Funds. Defendant has not paid the Union any supplemental dues.

Plaintiffs sued Defendant under the Employee Retirement Income Security Act ("ERISA") and the Labor Management Relations Act ("LMRA"). The Funds and their trustees seek money damages, including unpaid fringe benefit contributions due under the collective bargaining agreements, and an order requiring Defendant to maintain records in the future listing the names and hours worked and the amounts contributed for each such employee. The Funds also seek liquidated damages and interest on late payments to the benefit plans for the months of June, July, October, November, and December 2015, January through December 2016, and September 2017 all totaling $41,410.00. Further, the Funds seek and order requiring Defendant to post a cash deposit and/or enter into an escrow agreement with Plaintiffs, or post a corporate bond guaranteeing performance under the collective bargaining agreement and the trust agreements. The Union seeks money damages equal to the unpaid supplemental dues. All Plaintiffs seek an accounting, interest, attorneys' fees, and costs.

Plaintiffs served Defendant through the Missouri Secretary of State by special process server. When Defendant failed to file an answer or other defense, the Clerk entered default. Plaintiffs filed this motion, a copy of which they sent to Defendant via certified mail. The Court ordered Defendant to show cause why it should not enter a default judgment, but Defendant again failed to respond.

**Standard**

In considering a motion for a default judgment, the court takes as true all allegations in the complaint that relate to liability. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). The court does not take as true conclusions of law or factual allegations relating to damages. *Id.* The court may enter default judgment against a defendant if the resulting facts constitute a legitimate cause of action. *Id.*

**Discussion**

In Counts I through VII, each Fund sues Defendant for violating ERISA's plan-contribution and recordkeeping provisions. In Count VIII, the Union sues Defendant under the LMRA for violating the collective bargaining agreements. In Count IX, the Funds seek liquidated damages and interest on late payment of employee benefit plan contributions for certain months, as provided for under the Trust Agreement and the collective bargaining agreements.

ERISA provides "strict remedies to give employers a strong incentive to honor their contractual obligations to contribute and to facilitate the collection of delinquent [ERISA plan] accounts." *Kern v. Goebel Fixture Co.*, 765 F.3d 871, 875 (8th Cir. 2014) (alteration in original). Specifically, an employer must make contributions to an employee pension benefit plan if required to do so by a collective bargaining agreement. 29 U.S.C. § 1145. Such an employer must maintain records on what benefits are due or may become due to such employees. *Id.* § 1059(a). As presented in this case, an employer is civilly liable to a plan's fiduciary for violating any of these provisions. *Id.* § 1132(a)(3)(B)(ii).

Here, Defendant was obligated to make fringe benefit contributions to each Fund, but has not done so since July 1, 2014. Nor has Defendant maintained records on the contributions it was required to make. Defendant has thus violated ERISA and is liable to the Funds and their trustees on Counts I through VII. *See id.* §§ 1145, 1059(a).

3

As for the Union's claim, an employer is liable under LMRA for breaching a contract with a union. *Id.* § 185(a). Here, Defendant agreed to be bound by the collective bargaining agreements, which required Defendant to pay the Union supplemental dues. Defendant has not paid supplemental dues since July 1, 2014. Therefore, Defendant has violated LMRA and is liable to the Union on Count VIII. Further, the agreements call for liquidated damages in the event payments are made late. Defendant made late payments for the months of June, July, October, November, and December 2015, January through December 2016, and September 2017. Thus, Defendant is liable to Plaintiffs for liquidated damages and interest.

Having found liability on all counts, the Court must determine the character of Plaintiffs' recovery. The court may conduct hearings if necessary to conduct an accounting or determine the amount of damages. Fed. R. Civ. P. 55(b)(2)(A)–(B). Not until the plaintiffs have established damages may the court enter judgment. *Stephenson v. El-Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008).

Here, the amount of damages as to Counts I–VIII are unclear, because Plaintiffs do not know exactly how much Defendant owes them. Accordingly, the Court orders Defendant to permit an accounting by Plaintiffs. Once Plaintiffs have had an opportunity to review Defendant's books, it should notify the Court and file a supplemental brief in support of the damages claim along with evidentiary support (e.g., detailed affidavits and/or documentary evidence).

## Conclusion

For the reasons above, Plaintiffs' motion (Doc. 5) is GRANTED IN PART. The Court finds in favor of all Plaintiffs on all counts, grants an award of $41,410.00 on Count IX, but takes all other remedies under advisement.

Defendant is ORDERED to permit an accounting by Plaintiffs of its business books, records, ledgers, and other relevant documents pertaining to money Defendant paid employees covered by the

Union's collective bargaining agreements from July 1, 2014, to the date of this Order. For example, Defendant must make available to Plaintiffs: (1) the total number of hours worked by such employees; (2) the compensation Defendant paid such employees; and (3) monies Defendant withheld from such employees for taxes paid on their account.

It is further ORDERED that Defendant must post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreements.

It is further ORDERED that, pursuant to 29 U.S.C. § 1059, Defendant must maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employee.

It is further ORDERED that Defendant must specially perform all provisions of the current and future collective bargaining agreements and Trust Agreements.

No later than December 11, 2018, Plaintiffs must file a status report indicating the status of their accounting efforts and an expected timeframe for their supplemental damages briefing.

**IT IS SO ORDERED.**

Date:  September 26, 2018  　　　　　　　　　　　　 /s/ Greg Kays  
　　　　　　　　　　　　　　　　　　　　　　　GREG KAYS, CHIEF JUDGE  
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT